THE RIVER BELLE.

(District Court, S. D. New York. January 23, 1893.)

SALVAGE—PROTECTING VESSEL FROM FIRE.

A steamer, requested by the man in charge of a vessel lying inside the breakwater in Erie Basin at night to lie by and protect such vessel from fire, while buildings on shore close by were burning, awarded $75 as salvage for the service rendered.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 43, Salvage, §§ 55–77.

Awards in federal courts, see note to The Lamington, 30 C. C. A. 280.]

In Admiralty. Suit for salvage.

Sullivan & Cromwell and Mr. Hill, for libelant.

Alexander & Ash, for claimants.

BROWN, District Judge. About midnight on May, 1892, some one-story buildings on the easterly side of Columbia street, not far from the breakwater at Erie Basin, caught fire. The steamboat McLaughlin soon after went to the neighborhood of the fire, and her witnesses claim that

her services were requested by the man in charge of the River Belle, lying inside the breakwater, to lie by her and keep her wet down, to preserve her from the fire; that the McLaughlin did so, playing upon the boat, and putting out small patches of fire that had caught from sparks, for which service a salvage compensation is claimed.

There is the utmost contradiction upon many points in the testimony. I am satisfied that there is much exaggeration and inaccuracy on both sides. I do not believe that the story of the libelant is a pure fabrication. I credit the statement that the McLaughlin, when seen approaching, was hailed by the man in charge of the River Belle, probably from her main deck, and not from the breakwater, to lie by; and that in consequence of that request the McLaughlin turned from the object she at that moment had in view, and came near to the River Belle on the opposite side of the breakwater. I do not credit the assertion that the McLaughlin was requested to play her hose upon the River Belle, or that playing upon her was then necessary. I find that a service was rendered upon request, but of a very low grade of merit, and that $75 will be a fair compensation therefor, which I allow, without costs; of this sum, one half to go to the owners of the McLaughlin, and the other half to the officers and crew on board, in proportion to their wages.

A decree may be entered accordingly.